JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mark Enterprises, LLC - Series 4
1513 West Passyunk Avenue, Philadelphia, PA 19145

**DEFENDANTS**

United States Postal Service - Utilities Real Estate
7029 Albert Pick Road, Greensboro, NC 27498-1103

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew L.  Miller, Esquire   (610) 617-1776
15 St. Asaph's Road, Bala Cynwyd, PA 19004

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☒ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of lease, ejectment from premises

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   1/6/22

SIGNATURE OF ATTORNEY OF RECORD
*Andrew L. Miller*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark Enterprises, LLC – Series 4 | : | Civil Action No. |
| 1513 West Passyunk Avenue | : | |
| Philadelphia, PA 19145 | : | |
| | : | |
| vs. | : | |
| | : | |
| United States Postal Service | : | |
| Utilities Real Estate | : | |
| 7029 Albert Pick Road | : | |
| Greensboro, NC 27498-1103 | : | |

## **COMPLAINT**

Plaintiff Mark Enterprises, LLC – Series 4, by and through its undersigned

counsel, brings this Complaint and states the following:

## **PARTIES**

1.     Plaintiff is Mark Enterprises, LLC – Series 4, a Delaware limited liability

company, with its principal place of business at 1513 West Passyunk Avenue,

Philadelphia, PA 19145.

2.     Defendant United States Postal Service is an independent agency in the

executive branch of the United States Federal Government responsible for providing

postal services in the United States with its headquarters at 475 L'Enfant Plaza SW,

Washington, DC 20260-0004, and with an address for purposes of this action c/o Utilities

Real Estate, 7029 Albert Pick Road, Greensboro, NC 27498-1103.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 39 U.S. Code Section 409(a) which

provides:

> (a)     Except as otherwise provided in this title, the United
> States District Courts shall  have original but not
> exclusive jurisdiction for all actions brought by or
> against the Postal Service.  Any action brought in a
> State Court to which the Postal Service is a party may
> be removed to the appropriate United States District
> Court under the provisions of Chapter 89 of Title 28.

4.     Venue in this Court is proper as the real estate which is the subject of this

action is located in Philadelphia, Pennsylvania.

## FACTS

5.     On April 1, 2016, Defendant, as Tenant, and Peter Roberts Enterprises, Inc.

entered into a written lease agreement (the "Lease") whereby Defendant agreed to lease

from Plaintiff certain premises identified in the Lease and located at 2500 Snyder

Avenue, Philadelphia, PA 19145-9998 (the "Leased Premises").  An unsigned, but true

and correct copy of the signed Lease, is attached hereto as Exhibit "A".

6.     The term of the Lease began April 1, 2016 and ended on March 31, 2021.

See Lease, Paragraph 2.

7.     By Deed dated April 6, 2021 and recorded in the Office of the

Commissioner of Records of Philadelphia on May 4, 2021 at Document ID Number

53826784, Peter Roberts Enterprises, Inc. conveyed the property to Plaintiff.

8.      With the conveyance of the property, Peter Roberts Enterprises, Inc. assigned all rights in the Lease to Plaintiff.  A true and correct copy of the Assignment of Leases dated April 6, 2021 is attached hereto as Exhibit "B".

9.      As required in Paragraph 4(d)(2) of the Lease, Peter Roberts Enterprises, Inc. and Plaintiff executed and delivered to Defendant the USPS form Certificate of Transfer of Title to Leased Property and Lease Assignment and Assumption.  A true and correct copy of the said form is attached hereto as Exhibit "C".

10.     The term of the Lease ended on March 31, 2021.

11.     Defendant has continued to occupy the Leased Premises.

12.     By letter dated September 15, 2021, Plaintiff gave Defendant notice that Defendant's tenancy would be terminated effective December 31, 2021.  A true and correct copy of that letter is attached hereto as Exhibit "D".

## COUNT I – BREACH OF CONTRACT - EJECTMENT

13.     Plaintiff incorporates the preceding averments of this Complaint by reference as if set forth at length herein.

14.     Despite the end of the lease term and despite notice, Defendant has failed and refused to vacate the Leased Premises.

15.     Plaintiff is entitled to exclusive possession of the Leased Premises.

16.     Defendant has no right to continued possession at the Leased Premises.

17.     Plaintiff requests that this Court enter an Order ejecting Defendant from the Leased Premises and granting Plaintiff exclusive possession thereof.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order ejecting Defendant from the Leased Premises and granting Plaintiff exclusive possession thereof and granting such other and further relief as is just.

## COUNT II – DECLARATORY JUDGMENT

18.     Plaintiff incorporates the preceding averments of this Complaint by reference as if set forth at length herein.

19.     Plaintiff seeks a declaration pursuant to the Federal Declaratory Judgment Act, US Code Section 201(a), that the term of the Lease is ended, and that Plaintiff is entitled to exclusive possession of the Leased Premises.

20.     There exists a case of actual controversy within jurisdiction of the Federal Courts.

WHEREFORE, Plaintiff respectfully requests that this Court enter declaration pursuant to 28 U.S. Code Section 201(a), that the term of the Lease is ended, and that Plaintiff is entitled to exclusive possession of the Leased Premises.

## COUNT III – RENTS AND MESNE PROFITS

21.     Plaintiff incorporates the preceding averments of this Complaint by reference as if set forth at length herein.

22.     Plaintiff is entitled to recover such rents and other charges as are due under the Lease until such time as Plaintiff obtains exclusive possession of the Leased Premises, deducting therefrom any amounts paid by Defendant.

23.     In the alternative, Plaintiff is entitled to such mesne rents and other charges representing the fair rental value of the Leased Premises from and after the date of

termination of the Lease until the date that Plaintiff obtains exclusive possession of the Leased Premises, together with such other and further charges as may be proved and deducting therefrom any payments made by Defendant Tenant following the date of termination of the Lease.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for rents, mesne rents and charges in such amounts as may be proven at trial, together with interest, costs and attorney's fees as permitted by law.

## COUNT IV – DAMAGES AT LAW

24.     Plaintiff incorporates the preceding averments of this Complaint by reference as if set forth at length herein.

25.     Plaintiff has and will suffer harm as a result of the Defendant's unlawful conduct, including but not limited to, lost rents at the market value of the Leased Premises and lost opportunities to lease the Leased Premises to other potential tenants who will utilize a larger portion of the property containing the Leased Premises.

26.     Plaintiff is entitled to all the damages that flow from the unlawful conduct of the Defendant.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for rents, mesne rents and charges in such amounts as may be proven at trial, together with interest, costs and attorney's fees as permitted by law.

Respectfully submitted,

*Andrew L. Miller*

Andrew L. Miller, Esquire
Attorney ID # 55994
Andrew L. Miller & Associates, P.C.
15 St. Asaph's Road
Bala Cynwyd, PA 19004
(610) 617-1776
amiller@amillerlaw.com